**Beverly Jean BAIR, Plaintiff and Respondent,**

v.

**Warren Scott BAIR, Defendant and Appellant.**

No. 19747.

Supreme Court of Utah.

April 3, 1987.

Lynn G. Foster, Salt Lake City, for defendant and appellant.

Gordon R. McDowell, Jr., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendant appeals the denial of his motion to vacate a judgment for sums stipulated by the parties as being past due pursuant to the terms of their decree of divorce. The central issue on appeal is whether the judgment erroneously awards alimony because plaintiff remarried.

Plaintiff filed a complaint for divorce on August 24, 1979, seeking child custody, child support, alimony, a share of the equity in the parties' home, and a share of the parties' personal property. Thereafter, on November 18, 1981, the parties entered into a written "Stipulation and Marital Termination Agreement" which provided in pertinent part as follows:

3. *PURPOSE OF AGREEMENT:* The purpose of this agreement is to make a final and complete settlement of all rights and obligations between Husband and Wife, including the respective property rights and rights and obligations concerning support of the Husband and Wife's minor children and of themselves.

. . . .

9. *WIFE SUPPORT.* As an allowance for support of Wife, Husband shall pay directly to Wife:

(a) The sum of $7,000.00 payable as follows:

(1) $291.67 on or before the 1st day of each calendar month, commencing December, 1981, and continuing for 24 consecutive months.

(2) Interest shall be charged on the unpaid balance at a rate of fifteen percent (15%) per annum, and shall be paid each month in addition to the above periodic payment.

(3) Husband shall have the right to prepay the principal balance owing at any time.

(b) A sum of money sufficient to pay the incremental Federal and State income taxes owed by Wife as a result of her accepting periodic support payments hereunder in lieu of receiving a principal or lump sum settlement. This payment by Husband shall be computed each year as follows:

(1) Compute the Federal and State income taxes on Wife's taxable income, including periodic alimony payments as referred to in paragraph 9(a)(1), received from Husband;

(2) Compute the Federal and State income taxes on Wife's taxable income, excluding periodic alimony payments as referred to in paragraph 9(a)(1) received from Husband.

(3) The taxes computed under (1) above minus the taxes computed under (2) above equals the annual payment owed by Husband under this paragraph 9(b).

All payments to be made by Husband to Wife under this Paragraph 9 are subject to the contingency of death of wife. If Wife dies, Husband's (or his estate's) Wife Support obligation and the payments hereunder shall cease.

As security for his faithful performance of the terms of this paragraph 9, Husband agrees to execute and deliver to Wife on demand a trust deed on the real property located at 2111 Wilmott Drive or on such other property acceptable to wife. Gordon McDowell shall serve as Trustee of such property. Within two weeks of Husband's payment in full of all Wife Support obligations under this paragraph 9, or within two weeks of the appointment of a personal representative of Wife, whichever occurs first, Trustee shall reconvey to Husband out of trust such property as is conveyed into trust under the terms of this paragraph.

The court accepted the stipulation and agreement of the parties and incorporated it into its decree of divorce which was entered on November 27, 1981.

In May 1983, plaintiff initiated an order to show cause seeking judgment for sums past due under the decree of divorce. At the hearing thereon, the parties stipulated to the entry of the judgment in question which included the sum of $7,046.73 designated as past due spousal support payments. The parties further stipulated that execution on the judgment would be stayed until September 1983.

By motion filed September 19, 1983, as amended on October 31, 1983, defendant sought to set aside the stipulated judgment. The motion was made "on the basis and for the reason that such stipulation was erroneously entered into ... and violate[d] § 30–3–5(2) and 30–3–5(3)" (U.C.A., 1953, (Repl.Vol. 3C, 1984 ed.) (amended 1985)), which sections provided for the termination of alimony upon remarriage or cohabitation, respectively.

Defendant's affidavit filed in support of his motion recited that plaintiff left him in the summer of 1979 to live with another man; that it was his understanding that the lump sum payment of $7,000 to plaintiff was in the nature of a property settlement; and that inasmuch as the agreement

characterized the payment as alimony, he no longer had any obligation to pay it because of plaintiff's cohabitation and subsequent remarriage. The accompanying affidavit of counsel for defendant recited the fact that he did not represent defendant at the time of the divorce and that he had not reviewed the terms of the decree of divorce, but had simply relied upon the assurance of his client that the decree provided for a property settlement and not alimony.

Plaintiff's affidavit in response also recited that the lump sum payment of $7,000 was in settlement of property rights and not alimony and that it was characterized as alimony at defendant's request in order to afford him a tax advantage. The accompanying affidavit of counsel for plaintiff reiterated that it was the understanding of both parties that the lump sum payment of $7,000 constituted a property settlement and that it was simply characterized as spousal support in order to afford defendant the benefit of the alimony deduction allowed on income tax returns.

The district court concluded that the judgment constituted an award of alimony within the purview of subsections 30-3-5(2) and (3), but that exceptional circumstances were present in this case similar to those found in *Knuteson v. Knuteson*,[1] wherein the statute was found to be without application in the face of exceptional circumstances.[2] The facts upon which the court based its finding of exceptional circumstances include:

> that the marital termination agreement eliminated some of plaintiff's demands in exchange for $7,000 in spousal support payments; that this amount was to be paid in installments; that the payments were characterized as alimony to give defendant tax advantages; that defendant had not made any spousal support payments; and finally, that defendant knew about plaintiff's alliance with another man prior to entering into the agreement.

1. 619 P.2d 1387 (Utah 1980).

2. In *Knuteson,* the former wife moved in with a male friend because her former husband's failure to pay alimony made her destitute. We

The district court erred by concluding that the facts and circumstances of this case warranted the finding of an exception to subsections 30-3-5(2) and (3). We hold that under the particular facts of this case, the trial court's finding that the payments constituted alimony was clearly erroneous and therefore those provisions are inapplicable to this case.

The only support for the trial court's "alimony" finding is that the sum was designated as an "allowance for support." Yet the further provisions of the stipulation and agreement and the parties' intent as established by their affidavits overwhelmingly support our conclusion that the finding was erroneous and that the sum constituted a property settlement. The stipulation and agreement of the parties recited as its purpose the "settlement of all rights and obligations ... including property rights." By the terms thereof, plaintiff relinquished all claims she had to property and in consideration thereof accepted the lump sum payment of $7,000. The document further provided that defendant had the option of paying the sum in installments, with interest; that defendant was required to bear the additional burden of paying the income taxes imposed upon plaintiff as a result of her acceptance of the installments rather than a lump sum; that defendant was entitled to an alimony deduction on his income tax return; that defendant's obligation would cease only upon the death of plaintiff; and that defendant was required to execute and deliver to plaintiff a trust deed on the family residence to guarantee his faithful performance of the payment agreement.

Defendant's affidavit is consistent with the terms of the parties' stipulation and agreement. Defendant conceded in his affidavit that it was his "understanding that it was payment in the nature of a property distribution." Noticeably absent from his affidavit is any assertion that the lump

concluded that under such circumstances, the statute had no application and she was thus entitled to continue to receive alimony in order to regain her independence. *Id.* at 1387-88.

sum payment constituted alimony as distinguished from a property settlement. His concession is particularly significant in view of the further fact that the agreement was entered into at a time when defendant was aware of plaintiff's alliance with another man. Also, defendant does not controvert plaintiff's responsive affidavit which explained that the payment was designated as "spousal support" simply to afford defendant a tax advantage.

The Court has duly considered defendant's other contentions of error and finds them to be without merit.

The judgment of the trial court is affirmed. Costs to plaintiff.

STEWART, Associate C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.